UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OWNER/AGENT @DUDEOFNEWYORK,<br><br>Plaintiff,<br><br>-against-<br><br>THE HONORABLE KATHY HOCHUL,<br>Governor of New York State,<br><br>Defendant. | 24-CV-5930 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies as the Dude of New York but signs his complaint with his real name, Damonte Brown, appears *pro se*. He brings this action invoking the court's federal question jurisdiction and asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the federal statute that provides relief for the tortious conduct of federal employees. He names New York State Governor Kathy Hochul as the defendant and seeks money damages. By order dated August 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that the basis of his claim is as follows:

> The plaintiff/petitioner is a New York State resident (In State Class D Driver: #130663348, EXP: 2028) a U.S Taxpayer authorized to work in the United States of America, present, within the last 12 months, the current tax year and preceding Academic Year (2023-2024), or more and suffered greatly/impacted considerably by authorized employees under the New York Constitution (NY.gov), subject to harm and wrongdoings wrongfully; of government agency under elected official appointments within the State of New York, where general statutes of limitations apply by State, accordingly, consistent with law(s), applicable. Federal and State rule of Civil Procedure.[1]

(ECF 1, at 5.) He also alleges that his "[i]njuries statement and injuries withholding statement are withheld until further notice." (*Id.* at 6.) He seeks $1,000,000,000 in money damages.

## DISCUSSION

Because Plaintiff seeks money damages against a New York State official, the Governor of New York, the Court construes the complaint as arising under 42 U.S.C. § 1983.[2]

To the extent Plaintiff sues Governor Hochul in her official capacity, his claim must be dismissed because such a claim is barred under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff asserts claims under the FTCA, which does not apply to state officials like Governor Hochul.

2

state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

To the extent Plaintiff asserts claims against Governor Hochul in her individual capacity, these claims must be dismissed as well. To state a claim under Section 1983, a plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). Plaintiff does not allege any facts showing how Governor Hochul was personally involved in the events underlying any claims he may be asserting. Plaintiff's individual-capacity claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because Plaintiff characterizes his claim as arising from the wrongdoings of unspecified governmental employees, rather than from any action of the Governor, the defects in Plaintiff's complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 2, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

5